CELESTINA SOSA Y VIZCARRONDO, recurrente, *v.* El Registrador de San Juan, Sección Segunda, recurrido.

No. 618.—*Sometido:* Julio 21, 1925. *Resuelto:* Diciembre 9, 1925.

1. TESTAMENTOS—INTERPRETACIÓN—PARTICIÓN DE BIENES HECHA POR EL TESTADOR—CONDICIONES Y RESTRICCIONES—CONDICIONES EN PERJUICIO DE LA LEGÍTIMA DE LOS HEREDEROS FORZOSOS.—El artículo 1023 del Código Civil no es

una excepción sino más bien la confirmación del artículo 813 del Código. Civil Español que fué derogado en 1902 y restablecido por ley de marzo 9, 1905 (Comp. 3876).

2. Testamentos—Interpretación—Partición de Bienes Hecha por el Testador—Condiciones y Restricciones—Deseo de que los Herederos Permanezcan en la Indivisión—Herederos no Obligados por la Partición. — Cuando un testador que dispone de bienes o dinero suficiente para hacer cumplir su voluntad de conformidad con el artículo 1023 del Código Civil, hace legados diversos y sólo deja a sus herederos forzosos estrictamente la participación propia de sus legítimas, éstos no están obligados a pasar por la partición hecha por aquél en cuanto a permanecer en la indivisión de una finca que el testador disponía que se conservara indivisa entre los herederos.

Nota de *Tirado Verrier,* R. (Sección Primera, San Juan), denegando inscripción de una escritura sobre operaciones particionales. *Revocada.*

*José G. Torres* y *C. García de la Noceda,* abogados de la recurrente; el registrador compareció por escrito.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Celestina Sosa y Vizcarrondo presentó al Registro de la Propiedad de San Juan, Sección Primera, las operaciones de partición de los bienes relictos al fallecimiento de Manuel Sosa Olivas para la inscripción de una finca rústica que se dividió en tres porciones y se adjudicó cada una separadamente a Juan Sosa Escobar, Celestina Sosa y Vizcarrondo, hijos naturales reconocidos del causante, instituídos únicos y universales herederos en testamento abierto que otorgó el 4 de agosto de 1921, y a Carmen Escobar en su carácter de legataria.

El registrador negó la inscripción porque la división material de la finca se realizaba ''en contravención a la voluntad del testador consignada en la cláusula 5ª del testamento,'' cuya cláusula textualmente dice:

*''Quinta:* Es voluntad del testador, guiado por un principio de amor y de solidaridad, que tanto sus herederos Don Juan I. Sosa y Escobar y Doña Celestina Sosa y Vizcarrondo, como la legataria Doña Carmen Escobar, permanezcan unidos, sosteniendo los bienes bajo el nombre de Sucesión de Manuel Sosa Oliva, dedicados al negocio ya establecido, o al que en el futuro demanden las circunstan-

cias, bajo la dirección de Juan I. Sosa y Escobar, pues ansía y desea el testador que la finca 'Josefina' permanezca indivisible, y si acaso Doña Celestina Sosa y Vizcarrondo, en el futuro, no quisiese permanecer en la comunidad, entonces venderá su participación en la mencionada finca 'Josefina,' a los otros condueños Don Juan I. Sosa Escobar y Doña Carmen Escobar, quienes le harán efectivo el importe de lo que ascienda su participación, al contado o a plazos, según lo requieran las circunstancias, al tiempo de verificarse la venta, siguiendo entonces los que queden, bajo el nombre de Sucesión de Manuel Sosa Olivas.''

[1, 2] El registrador conviene con la recurrente que el testador no puede privar a los herederos forzosos de su legítima, pero asimismo sostiene que ésa no es una prohibición de la ley que no admite excepciones, sentando como ejemplo las deudas y otras obligaciones preferentes a la legítima. Se hace necesario decir, sin embargo, que el punto en discusión no se contrae a ninguna de esas excepciones. El registrador se funda principalmente, como si se tratara de otra excepción a la regla, en el artículo 1023 del Código Civil, que dice:

''Art. 1023.—Cuando el testador hiciere, por acto entrevivos o por última voluntad, la partición de sus bienes, se pasará por ella, en cuanto no perjudique a la legítima de los herederos forzosos.

''El padre que en interés de su familia quiera conservar indivisa una explotación agrícola, industrial o fabril, podrá usar de la facultad concedida en este artículo, disponiendo que se satisfaga en metálico su legítima a los demás hijos.''

Este artículo no es una excepción sino más bien la confirmación del artículo 813 del Código Civil español que había sido derogado al establecerse en 1902 el Código Civil Revisado, pero que luego fué restablecido por la ley para modificar y derogar los artículos 795, 796 y otros de dicho cuerpo legal, que fué aprobada en marzo 9, 1905. Esta ley en su sección 4, artículo 3876 Comp. 1911, dice:

''Sec. 4.—El testador no podrá privar a los herederos de su legítima sino en los casos expresamente determinados por la ley.

''Tampoco podrá imponer sobre ella gravamen, ni condición, ni

sustitución de ninguna especie, salvo lo dispuesto en cuanto al usu-
fructo del viudo.''

Comentando este precepto, Manresa se expresa así:

''El art. 813 es una consecuencia lógica de la definición dada a
la legítima en el art. 806. Si el testador no puede disponer de la
porción reservada a determinados herederos por la ley, es claro que
no puede privar de esa porción a los legitimarios, ni imponer so-
bre ella gravamen, condición ni sustitución de ninguna clase. Una
voluntad superior a la suya ha dispuesto ya del derecho en que la
legítima consiste, privando de él al testador, y puesto que ya no
es suyo, ninguna facultad cabe que pueda ejercer.

     ✻      ✻      ✻      ✻      ✻      ✻      ✻

''Añade el art. 813 en su primer apartado que sólo podrá pri-
varse de su legítima a los herederos forzosos, en los casos expresa-
mente determinados en la ley. Estos casos no son otros que aque-
llos en que existe alguna justa causa para desheredar a los descen-
dientes legítimos o naturales, a los ascendientes o al cónyuge, como
veremos al examinar los arts. 848 al 857. Fuera de los casos de
desheredación, no es posible al testador privar de la legítima a los
herederos forzosos.

     ✻      ✻      ✻      ✻      ✻      ✻      ✻

''La condición impuesta a un hijo natural por su padre, en su
testamento, de que no pudiese disponer de los bienes que le dejaba
hasta cumplir los veinticinco años, es solamente válida con relación
a las dos terceras partes de dichos bienes, pues en cuanto al otro
tercio que constituye la legítima de ese hijo, el art. 813 prohibe
toda condición. (Resolución de la Dirección General de los Regis-
tros de 28 de Abril de 1898.)

     ✻      ✻      ✻      ✻      ✻      ✻      ✻

''Habiendo legitimarios, las prevenciones del testador de que re-
tengan todos los bienes sus albaceas hasta quedar hecha la adjudi-
cación a los partícipes, y de que no puedan exigírseles cuentas, son
incompatibles con el respeto debido a las legítimas, y no obstan a la
promoción por los herederos del juicio de testamentaría. (Senten-
cia del Tribunal Supremo de 11 de Junio de 1905).'' Manresa,
Comentarios al Código Civil Español, tomo VI, págs. 347–349.

A pesar del texto de la ley y de sus comentarios, el Re-
gistrador insiste en que el testador ha podido imponer a
sus herederos, sin distinciones, la condición de conservar la

unidad de la finca "Josefina" que ha sido objeto de división. El párrafo 2º del artículo 1023 en que se apoya el registrador no puede interpretarse aisladamente. El está subordinado al párrafo anterior. El testador tiene amplitud de facultades para hacer la partición de sus bienes por actos intervivos o *mortis causa*, pero no puede perjudicar la legítima de los herederos forzosos. La ley permite en consecuencia con ello que el padre puede disponer que se mantenga indivisa una explotación agrícola industrial o fabril, adjudicándola a un solo heredero, pero al mismo tiempo ordena que los demás herederos deben recibir el pago de su legítima en dinero. Si no hay fondos o bienes para llenar este requisito en respeto a las legítimas, parece lógico que no puede el testador hacer que se cumpla su voluntad en contravención al derecho de los herederos forzosos. El 2º párrafo del artículo 1023 viene a significar únicamente que las atribuciones del testador al hacer las operaciones de partición no están limitadas a la clase de bienes que haya de adjudicar a los herederos, pero siempre bajo la condición de no perjudicar la integridad de sus legítimas.

"La misma facultad que el segundo párrafo del art. 1056 atribuye al padre cuando resulta en favor de la estabilidad y progreso de establecimientos suyos agrícolas, industriales o fabriles, hay que suponerla existente en otros casos, aunque no lo exprese el legislador, v. gr., ceder su biblioteca por entero a uno de sus hijos que revele aficiones o aptitudes en beneficio de las cuales esa biblioteca pueda ser fructuosamente aprovechada; como también adjudicar exclusivamente a uno de sus descendientes los útiles de su oficio, instrumentos de su profesión, etcétera, a fin de que continúe en el ejercicio de aquél o de ésta, procurándose indemnizar a los demás partícipes hereditarios de lo que, con tal motivo, han percibido de menos en la partición." Scaevola, Comentarios al Código Civil, tomo XVIII, p. 281.

Puede notarse, sin embargo, en este caso que el testador no ha hecho lo que literalmente dispone el artículo 1023. No hace prácticamente la división del caudal ni adjudica la finca a uno de los herederos para conservarla indivisa, de-

·jando otros bienes o dinero para pagar la legítima del otro heredero forzoso.   El manifiesta solamente su deseo de que se mantenga indivisa la finca "Josefina" y para el caso de que Carmen Sosa Vizcarrondo, heredera forzosa, no quiera· permanecer en la comunidad, dispone que venda su participación a los demás herederos, satisfaciendo éstos su importe. No tenemos dudas que el testador ha podido ordenar tal disposición tratándose de herederos voluntarios, o refiriéndose a herederos forzosos siempre que disponga que se pague en dinero sus legítimas.   En este caso la adjudicación de las ·porciones pro indivisas en la finca "Josefina" a los dos hijos naturales ·reconocidos representa en su mayor parte el ·importe de sus legítimas.   Ellos no estaban por consiguiente, obligados a permanecer en la indivisión.   Así también se ·dispone expresamente por el artículo 1018 que lee como ·sigue :

"Art. 1018.—Ningún heredero podrá ser obligado a permanecer en la indivisión de la herencia, a menos que el testador prohiba expresamente la división.   Esta prohibición no alcanzará a los bienes que constituyen la legítima de los herederos.

"En todo caso, la división tendrá siempre lugar mediante alguna de las causas por las cuales se extingue la sociedad."

El testador por otra parte disponía de bienes o dinero suficientes para hacer cumplir su voluntad de conformidad con el artículo 1023, pero lejos de hacerlo así, él hizo diversos legados que montan a sumas importantes y sólo dejó a sus dos hijos mencionados estrictamente la participación propia de sus legítimas, y las que por la misma ley están exentas de toda carga, gravamen o condición alguna.

*Por todo lo expuesto, debe revocarse la nota y ordenarse la inscripción solicitada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.